UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CAROL A. WILSON**, Administrator of Ohio Operating Engineers Health and Welfare Plan, Ohio Operating Engineers Pension Fund, Ohio Operating Engineers Apprenticeship and Training Fund, and Ohio Operating Engineers Education and Safety Fund 1180 Dublin Road Columbus, Ohio 43212, | Civil Action No. _____ <br><br> Judge <br><br> Magistrate Judge |
| and | |
| **TRUSTEES** of the Ohio Operating Engineers Health and Welfare Plan, Ohio Operating Engineers Pension Fund, Ohio Operating Engineers Apprenticeship and Training Fund, and Ohio Operating Engineers Education and Safety Fund 1180 Dublin Road Columbus, Ohio 43212, | |
| Plaintiffs, | |
| v. | |
| **PAGE EXCAVATING, INC.** 2398 Applegate Road Lucas, OH 44843 | |
| Defendant. | |

# COMPLAINT FOR AUDIT UNDER COLLECTIVE BARGAINING AGREEMENT

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 1132(a)(3) and 1145, as the action arises from Defendant's violation of and continued refusal to comply with the terms and provisions of collectively bargained agreements, trust agreements, and employee-benefit plans. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) and S.D. Ohio Civ. R. 82.1.

## First Claim for Relief
### (Specific Performance For Audit of Defendant's Books and Records)

2. The Trustees (the "H&W Trustees") of the Ohio Operating Engineers Health and Welfare Plan are the duly appointed, qualified, and acting trustees of the trust (the "Health & Welfare Trust") established as part of the Ohio Operating Engineers Health and Welfare Plan by an Amended Agreement and Declaration of Trust dated November 29, 1977, as amended, between the Labor Relations Division of the Ohio Contractors Association (the "OCA"), the Associated General Contractors of America (the "AGC"), and other employer associations, and the International Union of Operating Engineers, Locals Nos. 18, 18A, and 18B (together, "Local 18"), a labor organization representing employees in an industry affecting commerce. The H&W Trustees bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of the Health and Welfare Trust. The Health and Welfare Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1), (2), (3), and 29 U.S.C. § 1132. The plan is administered in Columbus, Ohio.

3. The Trustees (the "Pension Trustees") of the Ohio Operating Engineers Pension Fund are the duly appointed, qualified, and acting trustees of the trust (the "Pension

Trust") established as a part of the Ohio Operating Engineers Pension Fund by an Agreement and Declaration of Trust dated December 1, 1964, as amended, between the OCA, the AGC, and other employer associations, and Local 18, a labor organization representing employees in an industry affecting commerce.  The Pension Trustees bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of the Pension Trust.  The Pension Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1), (2), (3), and 29 U.S.C. § 1132.  The plan is administered in Columbus, Ohio.

4. The Trustees (the "Apprenticeship Trustees") of the Ohio Operating Engineers Apprenticeship and Training Fund (the "Apprenticeship Fund") are the duly appointed, qualified, and acting trustees of the trust (the "Apprenticeship Trust") established as a part of the Apprenticeship Fund by an Agreement and Declaration of Trust dated October 20, 1965, as amended, between the OCA, the AGC, and other employer associations, and Local 18, a labor organization representing employees in an industry affecting commerce.  The Apprenticeship Trustees bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of the Apprenticeship Trust.  The Apprenticeship Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1), (2), (3), and 29 U.S.C. § 1132.  The plan is administered in Columbus, Ohio.

5. The Trustees (the "E&S Trustees") of the Ohio Operating Engineers Education and Safety Fund are the duly appointed, qualified and acting trustees of the trust (the "Education & Safety Trust") (the Health & Welfare Trust, Pension Trust, Apprenticeship Fund, and Education & Safety Trust, collectively, are referred to herein as the "Benefit Funds") established as a part of the Ohio Operating Engineers Education and Safety Fund by Agreement and Declaration of Trust dated December 14, 1970, as amended, between the OCA, the AGC, and

other employer associations, and Locals 18, a labor organization representing employees in an industry affecting commerce. The E&S Trustees bring this action in their fiduciary capacity as trustees for and on behalf of the participants and beneficiaries of the Education and Safety Trust. The Education and Safety Trust constitutes an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. §§ 1002(1), (2), (3), and 29 U.S.C. § 1132. The plan is administered in Columbus, Ohio.

6. The H&W Trustees, the Pension Trustees, the Apprenticeship Trustees, and the E&S Trustees have authorized Plaintiff, Carol A. Wilson, Administrator of the Benefit Funds, to bring these claims and to seek the remedies prayed for on their behalf and on behalf of the participants and beneficiaries of the Trusts and employee benefit plans.

7. Defendant Page Excavating, Inc. is an Ohio corporation with its principal place of business in Lucas, Ohio. At all relevant times, Defendant has been engaged in an industry affecting commerce, *i.e.*, construction work.

8. Defendant is an "employer" as defined under 29 U.S.C. § 1002(5).

9. Defendant is an "employer" engaged in commerce and in an industry or activity affecting commerce within the meaning of 29 U.S.C. §1003.

10. On May 5, 2018, Defendant executed an Acceptance of Agreement (the "Participation Agreement"), by the terms of which Defendant became a party to Local 18's Ohio Highway Heavy Agreement (the "Highway Agreement") and the Trust Agreements and Declarations of Trust (together, the "Trust Agreement") that established the Ohio Operating Engineers Health and Welfare Plan, Pension Fund, Apprenticeship and Training Fund, and Education and Safety Fund (the "Trust Agreements"), and became bound by the terms and conditions set forth therein. *See, e.g.*, Section 34 of the Highway Agreement:

> **34.** . . . All Employers bound hereby agree to be bound by the Agreements and Declarations of Trust, as amended, establishing the Pension Fund, Health and Welfare Plan, Apprenticeship Fund and Safety Training and Education Trust Fund. . . . It is mutually agreed that the provisions of said Agreements and Declarations of Trust and any rules, regulations, or plans adopted by the Trustees pursuant thereto shall become a part of this Agreement as though fully written herein. . . .

A copy of Defendant's Participation Agreement to be bound by the Highway Agreement is attached hereto as **Exhibit 1**. Section 34 of the Highway Agreement is attached hereto as **Exhibit 2**.

        11.     Pursuant to the Trust Agreements and the Highway Agreement, Defendant is required to make, and the Health and Welfare Trustees, Pension Trustees, Apprenticeship and Training Trustees, and Education and Safety Trustees are entitled to receive, fringe-benefit contributions on behalf of each employee of Defendant who performs work within the trade jurisdiction of the Local 18. *See* Section 35 (**Exhibit 2**) of the Highway Agreement:

> **35.** Fringe benefit contributions shall be paid at the following rates for all hours paid to each employee by the Employer under this Agreement. . . .

        12.     Pursuant to Section 37 (**Exhibit 2**) of the Highway Agreement, and the Trust Agreement, Defendant is required to submit to the Benefit Funds, by the fifteenth (15th) day of each month, reports of contributions payable to the Benefit Funds for hours worked by the Defendant's employees during the preceding month:

> **37.** Reports of employees who have worked, the number of hours that they have been paid, and such other data and information as my be required, and all contributions payable to the [Benefit] Funds or Plan shall be transmitted to the offices of the [Benefit] Funds or Plan no later than the fifteenth (15th) day of the month immediately following the calendar month in which the work was performed. . . .

Upon information and belief, Defendant has breached Section 37 of the Highway Agreement by failing to submit to the Benefit Funds the required reports when due.

13. Pursuant to the Section 36 (**Exhibit 2**) of the Highway Agreement, and the Trust Agreements, the Benefit Funds have the right to audit (an "Audit") the books and records of Defendant to determine the hours worked by and wages paid to its employees who performed work covered by the Defendant's collective bargaining agreements upon written notice to Defendant:

> **36.** It is further understood and agreed by and between the parties that duly authorized representatives of any of said Trust Funds or Plan shall have the right, on written notice, to audit during regular working hours, the books and records of any party obligated under this Agreement to contribute thereto, with respect to the hours worked by and wages paid to all employees upon whom the Employer is obligated to make contributions. . . .

14. By a letter dated September 8, 2021(**Exhibit 3** attached hereto), the Benefit Funds made a written demand (the "Demand") upon Defendant to permit an authorized representative of the Benefit Funds to Audit (the "Audit") its books and records to determine whether Defendant owes contributions ("Unpaid Contributions") to the Benefit Funds for the period October 1, 2020 through April 30, 2021 (the "Audit Period"). Defendant has refused, after the Demand, to permit the Benefit Funds to perform an Audit of its books and records for the Audit Period, in breach of the Highway Agreement and the Trust Agreements.

15. The Benefit Funds have no adequate remedy at law for Defendant's refusal to permit them with to audit its books and records to perform an audit, in breach of its Participation Agreement, the Highway Agreement and the Trust Agreements. They cannot determine whether Defendant owes Unpaid Contributions to the Benefit Funds, or the amount of any such Unpaid Contributions, until a representative of the Benefit Funds performs the mandatory audit of Defendant's books and records. As a result, the Benefit Funds are entitled to an order from the Court requiring Defendant to specifically perform its contractual obligation to make its books and

records available to the Benefit Funds for its audit to determine whether Defendant owes Unpaid Contributions to them.

## Second Claim for Relief
### (Recovery of Amounts Pursuant to Audit Findings)

16. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 15 above as fully as if rewritten herein.

17. Upon completion of the Audit, the Benefit Funds are entitled to recover from Defendant any Unpaid Contributions determined to be due pursuant to the Audit.

18. The Trust Agreements, Defendant's collectively bargained agreements, and the rules and regulations adopted by the Health and Welfare and Pension Trustees on May 26, 1989, by the Apprenticeship and Training Trustees on July 12, 1989, and by the Education and Safety Trustees on September 25, 1989, specifically provide that the Trustees shall be entitled to recover interest ("Interest") of 1.5 percent per month (18 percent per annum) on the Unpaid Contributions, in addition to the Unpaid Contributions. The assessment of this interest also is authorized by 29 U.S.C. §1132(g)(2), which provides that in any action brought by a fiduciary for or on behalf of a plan to collect contributions due the plan in which a judgment in favor of the plan is awarded, the Court must award the plan, in addition to the Unpaid Contributions, interest on the Unpaid Contributions at the rate set by the plan.

19. Pursuant to the Trust Agreements, collectively bargained agreements, rules and regulations adopted by the Trustees, and federal law, Defendant owes the Trustees of all four funds interest on the audit findings from the date revealed in the audit at the rate of 18 percent per annum.

### Third Claim for Relief
### (Recovery of Liquidated Damages)

20. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 19 above as fully as if rewritten herein.

21. The Trust Agreements, Defendant's collectively bargained agreements, and the rules and regulations adopted by the Trustees provide that the Trustees shall be entitled to recover liquidated damages ("Liquidated Damages) at the rate of 18 percent of the Unpaid Contributions, in addition to the Unpaid Contributions. The assessment of these liquidated damages is further authorized by 29 U.S.C. § 1132(g)(2), which provides that in any action brought by the fiduciary for or on behalf of a plan to collect contributions due the plan in which a judgment in favor of the plan is awarded, the court must award the plan, in addition to the unpaid contributions, *an amount equal to the greater of* interest on the unpaid contributions *or* liquidated damages in an amount specified in the employee benefit plan not in excess of 20 percent of the unpaid contributions.

22. Pursuant to the Trust Agreements, collectively bargained agreements, rules and regulations adopted by the Trustees, and federal law, in the event the Court does not award the Benefit Funds Interest on the Unpaid Contributions pursuant to its Second Claim herein, Defendant owes the Trustees of the Benefit Funds Liquidated Damages in the amount of 18 percent per annum on the Unpaid Contributions.

### Fourth Claim for Relief
### (Recovery of Attorneys' Fees)

23. Plaintiffs incorporate by referenced the allegations of paragraphs 1 through 22 above as fully as if rewritten herein.

24. The Trust Agreements, Defendant's collectively bargained agreements, and the rules and regulations adopted by the Trustees provide that the Trustees shall be entitled to recover all costs of collection, including reasonable attorneys' fees, in addition to the delinquent contributions owed by Defendant. Further, 29 U.S.C. § 1132(g)(2) specifically provides that in any action brought by a fiduciary for or on behalf of a plan to collect contributions due the plan in which a judgment in favor of the plan is awarded, the Court must award the plan, in addition to the unpaid contributions, reasonable attorneys' fees and costs of the action.

25. Pursuant to the Trust Agreements, collectively bargained agreements, rules and regulations adopted by the Trustees, and federal law, Defendant owes the Trustees of the Benefit Funds reasonable attorneys' fees as determined by the Court at the time of judgment, and court costs.

**WHEREFORE**, Plaintiffs demands judgment as follows:

On the **First Claim for Relief**: The Benefit Funds pray for an order of specific performance requiring Defendant to provide the Benefit Funds with access to all of its books and records, for the Audit Period, as are necessary for the Benefit Funds to perform their Audit to determine whether Defendant owes Unpaid Contributions to the Benefit Funds.

On the **Second Claim for Relief**: The Benefit Funds pray for a money judgment against Defendant for Unpaid Contributions due and owing pursuant to the Audit findings, plus Interest in the amount of 18 percent per annum from the date the Unpaid Contributions became due.

On the **Third Claim for Relief**: In the event the Court does not award interest to the Benefit Funds on the Unpaid Contributions pursuant to the Second Claim, the Benefit Funds

9

pray for a money judgment against Defendant for Liquidated Damages at the rate of 18 percent per annum from the date the Unpaid Contributions became due.

On the **Fourth Claim for Relief**: The Benefit Funds pray for a money judgment against Defendant for all costs of collection incurred herein, including reasonable attorneys' fees and court costs.

On **all Claims**: The Benefit Funds pray for such other and further relief to which they may be entitled.

/s/ *John F. Stock*
John F. Stock (0004921)
In-House Counsel,
Ohio Operating Engineers Health and Welfare Plan, Ohio Operating Engineers Pension Fund, Ohio Operating Engineers Apprenticeship and Training Fund, and Ohio Operating Engineers Education and Safety Fund
1180 Dublin Road
Columbus, Ohio 43212
(614) 487-6531

*Attorney for Plaintiffs, The Benefit Funds*